UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Case No.  MJ409-003 |
| ) | |
| HARRY GALVIN BUTLER III, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On January 30, 2009, the Court ordered a forensic psychological examination of defendant Henry Galvin Butler after finding reasonable cause to believe that he is presently suffering from a mental disease or defect rendering him mentally incompetent. (Docs. 9 & 11.) After evaluating Butler at the Federal Detention Center in Miami, Florida, Rodolfo A. Buigas, Ph.D., has concluded that he is both incompetent to stand trial and was insane at the time of the alleged offense. (Doc. 15.) Buigas opines that there may be organic/medical causes for Butler's mental disturbance. (Doc. 15 at 10.) In a separate letter to the Court, Buigas recommends that Butler undergo a complete medical "work up" involving a

physical examination and several diagnostic tests, including an MRI (if deemed necessary by the evaluating physician). (Letter from Dr. Buigas to Court, dated June 3, 2009 ("Buigas Letter").)[1]

Counsel for the parties have stipulated to the report's findings and conclusions and have waived their right to present additional evidence at a competency hearing. (Doc. 19.) The Court has previously had the opportunity to interact with the defendant at an earlier hearing and concurs with the forensic report and counsels' stipulation. Based upon the unrebutted psychological evidence, the Court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. 18 U.S.C. § 4241(d). It is therefore **RECOMMENDED** that the defendant be committed to the custody of the Attorney General, who should be **DIRECTED** to hospitalize the defendant "for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine

---

[1] The Clerk is **DIRECTED** to docket Dr. Buigas's letter as a sealed correspondence to the Court.

whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d)(1); see *United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990). In light of Dr. Buigas's concern that the disease may be of organic etiology, the Attorney General should conduct "a comprehensive medical evaluation . . . at one of the Bureau of Prisons medical centers such as the Federal Medical Center, Butner, North Carolina, or the United States Medical Center for Federal Prisoners, Springfield, Missouri." (Buigas Letter.) Given the proximity of FMC Butner to defendant's home and family, the Bureau of Prisons is encouraged to conduct all further evaluations at the Butner facility.

**SO REPORTED AND RECOMMENDED** this <u>11th</u> day of June, 2009.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3